IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| LUIS VIDANA-SARAVIA | ) | |
| Defendant/ Petitioner, | ) ) | CASE NOS. 3:14-cr-00501-JO |
| | ) | 3:17-cv-00803-JO |
| v. | ) | |
| | ) | OPINION AND ORDER |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) ) ) | |

JONES, Judge:

Luis Vidana-Saravia (Vidana) filed a *pro se* petition pursuant to 28 U.S.C. §2255, (#77) to vacate or set aside his federal conviction. A month later, he filed a motion asking for a protective order of the attorney-client work product information. (#79). In his *pro se* petition, Vidana claims that he received ineffective assistance of counsel and asks me to hold an evidentiary hearing and impose the mandatory minimum sentence of 60 months in place of his previously imposed 87 month sentence. Upon review of the record, I conclude Vidana's claims for relief lack merit and an evidentiary hearing is unnecessary because Vidana alleges no facts that would entitle him to relief. For the reasons set forth below, Vidana's §2255 motion and his motion for a protective order are denied. I also decline to issue a certificate of appealability,

because petitioner has not made a substantial showing of a denial of a constitutional right, pursuant to 28 U.S.C. §2253 (c)(2).

## BACKGROUND

In 2014, Salem Police Officers, with the help of a confidential informant (CI), arranged for the delivery of approximately five pounds of methamphetamine to the CI. Following the delivery, the police arrested the person making the delivery, who then agreed to cooperate with the police. This cooperating source (CS) identified Vidana as the source of the methamphetamine. At the request of the officers, the CS placed a call to Vidana. The officers recorded the conversation between the CS and Vidana, during which Vidana discussed details related to the delivery of the methamphetamine, arranged to collect the money from that sale, and agreed to deliver an additional pound of heroin. While en route to meet the CS, Vidana was arrested. At that time, the officers searched Vidana and discovered approximately 447.6 grams of heroin on Vidana's person. After his arrest, Vidana consented to a search of his home. No items of evidentiary value were found or seized at his home.

Vidana pleaded guilty to Possession with the Intent to Distribute Heroin in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B). In May, 2016, I sentenced him to 87 months in prison. He filed this motion in June, 2017.

## DISCUSSION

### Legal Standard

To establish ineffective assistance of counsel, a defendant must show: (1) his legal representation was so deficient it amounted to a denial of his Sixth Amendment right to counsel; and (2) there is a reasonable probability that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *accord United States v. Withers*,

618 F. 3d 1008, 1019 (9th Cir. 2010); *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (requiring that a defendant must show both deficient performance and prejudice to prove ineffective assistance of counsel). If a defendant fails to prove either prong, the entire ineffective assistance of counsel claim fails. *Strickland*, 466 U.S. at 700. Regarding the first prong of the *Strickland* test, "the defendant must show that the counsel's representation fell below an objective standard or reasonableness." *Strickland*, 466 U.S. at 688; *accord Withers*, 618 F.3d at 1019. Regarding the second prong, a "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Matylinsky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009) (quoting *Strickland*, 466 U.S. at 694). The defendant has the burden of showing that the errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.

Judicial inquiry into counsel's performance "must be highly deferential," and strategic choices as to how to defend a case are "virtually unchallengeable." *Strickland*, 466 U.S. at 689-90. In addition, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689.

To satisfy the prejudice prong, "a challenger must demonstrate a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Harrington v. Richter*, 562 U.S. 86 104 (2011). However, "it is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Harrington*, 562 U.S. at 104.

## Discussion

In his petition, Vidana asserts three bases for his claim of ineffective assistance of counsel. Vidana asserts that his attorney provided ineffective assistance of counsel when she (1)

failed to file a motion to suppress evidence obtained from the phone recording that occurred between the CS and Vidana; (2) failed to challenge his warrantless arrest; and (3) failed to file a motion to suppress the warrantless search of his home.

As to Vidana's first claim, the CS consented to the officer's request to call Vidana and to record the call. The federal wiretap statute permits warrantless audio surveillance if one of the participants in the monitored conversation consents. 18 U.S.C. § 2511(1). Furthermore, the Fourth Amendment provides no protection "to 'a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it.'" *United States v. White*, 401 U.S. 745, 749 (1971) (citation omitted). Vidana's counsel correctly chose not to file a motion to suppress on this issue. Thus, contrary to his assertion, Vidana received effective assistance of counsel.

Regarding his second and third claims, Vidana contends that he received ineffective assistance when his counsel failed to challenge his warrantless arrest and the warrantless search of his home. He argues that the officers led him to believe that he was lawfully arrested when consented to the search his home when, in fact, the officers had neither probable cause nor a warrant to arrest him. Given the facts recounted above, the officers had probable cause to arrest Vidana. Vidana agreed to meet the CS and deliver a controlled substance. When he arrived, he had nearly 500 grams of heroin on his person. As he admits in his motion, he consented to the search of his home. His attorney's decision not to file a motion to suppress the consensual search of his home or challenge the warrantless arrest was reasonable under prevailing professional standards. See, *Stickland*, 466 U.S. at 692.

## CONCLUSION

Construing the § 2255 motion in a manner most favorable to Vidana, and concluding his claims for relief lack merit and support, the motion is DENIED. Further, Vidana's request for an evidentiary hearing is DENIED. Pending motions, if any, are DENIED AS MOOT.

I decline to issue a Certificate of Appealability on the basis that Vidana has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED

DATED this 5th day of October, 2017

Robert E. Jones, Senior Judge
United States District Court